IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HAROLD MERCHANT #1983089 | § | |
| v. | § | CIVIL ACTION NO. 6:16cv1122 |
| KAY LANGFORD, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Harold Merchant, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit complaining of alleged deprivations of his constitutional rights with regard to the legality of his confinement. This Court referred the case to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The named Defendants are Henderson County Sheriff Ray Nutt, deputy sheriffs Kay Langford and Botie Hillhouse, and two individuals identified as Tommy Russell and Bacin Blackwell.

**I. Background**

Merchant stated that he got out of a halfway house in Fort Worth on April 1, 2014. He stayed in Dallas for a couple of weeks and then went to Gun Barrel City. On June 3, 2014, he was at Tommy Russell's house when officers from the Sheriff's Department arrived.

Officer Langford had another deputy walk over and pretend to pull something from Merchant's pocket. Merchant states that he had already been searched three times and the officers knew he had no drugs on him, but Russell and Blackwell told the sheriff that the bag of drugs found belonged to Merchant.

1

For relief in his lawsuit, Merchant stated that "I would like to get this drug charge off of me, the 10 years I did not deserve to get. They could not get me for anything else so they set me up, and a lot of people was out there."

## II. The Report of the Magistrate Judge

After review of the pleadings, the Magistrate Judge issued a Report recommending the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted. The Magistrate Judge determined that Merchant's complaint challenged the legality of his conviction, which is not properly done through a §1983 lawsuit. Instead, the exclusive means for challenging the legality of a conviction is through habeas corpus. Thus, the Magistrate Judge concluded Plaintiff's §1983 action lacked any arguable basis in law and failed to state a claim upon which relief may be granted.

## III. The Plaintiff's Objections

In his objections, Merchant states that he is indigent and cannot pay the filing fee for his lawsuit. He has been in the hospital because he lost four pints of blood. After correcting the name of one of the defendants from Bacin Blackwell to Barin Blackwell, Merchant asserts that his conviction was wrong and that he should be entitled to monetary damages in the amount of $20,000.00 and have the charges against him dropped.

In a letter filed March 17, 2017, Merchant states that he is going to file a state habeas corpus application under Article 11.07 of the Texas Code of Criminal Procedure because Judge Dan Moore said that it would not be frivolous, and "my 11.07 that I have not got done yet has been denied before I have had time to file this." He asserts that he is working on his state habeas petition and will send a copy to this Court as well as to Henderson County.

## IV. Discussion

The Magistrate Judge correctly determined that Merchant cannot attack the validity of his conviction in a civil rights lawsuit. *Preiser v. Rodriguez*, 411 U.S. 475, 488-90, 93 S.Ct. 1827, 36

L.Ed.2d 439 (1973). To the extent Merchant seeks to have his conviction overturned, his claim lacks an arguable basis in law and fails to state a claim upon which relief may be granted.

In his objections, Merchant states that he is also seeking monetary damages in the amount of 20,000.00. The Supreme Court has held that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, the plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *see also Boyd v. Biggers*, 31 F.3d 279, 283 (5th Cir. 1994). This holding has been extended by the Fifth Circuit to include claims for injunctive relief as well. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*).

Under *Heck*, the existence of a §1983 claim depends on whether a judgment in the Plaintiff's favor would necessarily imply the invalidity of his conviction or confinement. *Hudson v. Hughes*, 98 F.3d 868, 872 (5th Cir. 1996). Because Merchant asserts that his conviction was improper, a judgment in his favor would necessarily imply that his conviction was invalid. As a result, his claims for monetary damages should be dismissed with prejudice to the claims being asserted again until Merchant can meet the *Heck* prerequisites - in other words, until he can show that his conviction has been overturned, expunged, or otherwise set aside. *See DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007).

The on-line judicial records of Henderson County show that Merchant pleaded guilty to and was convicted of possession of a controlled substance on February 9, 2015, receiving a sentence of 10 years in prison. He did not take a direct appeal and has not filed a state habeas corpus application. Merchant's claims directly implicate the validity of his conviction and are thus barred by *Preiser* and *Heck*. His objections are without merit.

**IV. Conclusion**

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. §636(b)(1) (district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined the Report of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** to the claims being asserted again until such time as Merchant can show that his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

So **ORDERED** and **SIGNED** this **17** day of **July, 2017.**

_____
Ron Clark, United States District Judge